UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK A. BERENATO,

 Plaintiff,

vs.              Case No. 3:10-cv-979-J-32MCR

ROBERT LEON TANKEL, ET AL.,

 Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default (Doc. 14) and Default Judgment (Doc. 15) against Defendant, The Terraces at Beachside Condominium Association, Inc., filed December 14, 2010. Rule 55(a), Federal Rules of Civil Procedure, provides for entry of clerk's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Moreover, pursuant to Rule 55(b), a party cannot obtain a default judgment until the Clerk has entered default.

  In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of filing the action as required by Rule 4(m). See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding "service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.") (citations omitted). Rule 4(h) of the Federal Rules of Civil Procedure

-1-

requires service of process be made upon a corporation by: (1) "delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant;" or (2) following the state law for serving a summons in the state where the district court is located or where service is made, as prescribed in Rule 4(e)(1). Rule 4(h)(1), Fed.R.Civ.P. "Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law." Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC, No. 3:07-cv-132-RV-MD, 2007 WL 1526650, *1-2 (N.D. Fla. May 24, 2007). Moreover, service by certified mail is not sufficient under Florida law. Transport & General Ins. Co., Ltd. v. Receiverships of Ins. Exch. of the Americas, Inc., 576 So.2d 1351, 1352 (Fla. 1st DCA 1991). Therefore, Plaintiff failed to properly serve Defendant under either method provided by Rule 4(h). Because Defendant has not been properly served, the instant motions are due to be denied.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion for Entry of Default (Doc. 14) and Default Judgment (Doc. 15) against Defendant, The Terraces at Beachside Condominium Association, Inc., are **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __4th__ day of January, 2011.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff