UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK A. BERENATO,

  Plaintiff,

vs.              Case No.  3:10-cv-979-J-32MCR

ROBERT LEON TANKEL, ET AL.,

  Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default (Doc. 16) and Default Judgment (Doc. 17) against Defendant, Nancy Reynolds, filed December 14, 2010.  Rule 55(a), Federal Rules of Civil Procedure, provides for entry of clerk's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Moreover, pursuant to Rule 55(b), a party cannot obtain a default judgment until the Clerk has entered default.

  In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of filing the action as required by Rule 4(m).  See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding "service of process must be effective under the Federal Rules of Civil Procedure before a default judgment may be entered against a defendant.") (citations omitted).  Rule 4(e) of the Federal Rules of Civil Procedure allows a plaintiff to effect service in any judicial district of the United States by either

-1-

(1) following the law regarding service of a summons of the state in which the district court is located or where service is made or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving a copy of each at the individual's dwelling with someone of suitable age or discretion who resides there, or by delivering a copy of each to an agent authorized by appointment or law to receive such.  As this Court is located in Florida and service was "effected" in Florida, Plaintiff must show that service was sufficient either under Florida or federal law.  Both Florida and the federal rule provide essentially the same procedure – personal service on the individual or delivery to the usual place of abode.  See Rule 4(e), Fed.R.Civ.P. and Fla. Stat. § 48.031.  Thus, in the instant case, Plaintiff must show that service was had either by personal delivery or by delivery to an appropriate person at Defendant's place of abode, in order to be effective under federal or Florida law.  Plaintiff failed to make such a showing.  Instead, Plaintiff simply claims he served Defendant by mail to both her home and business addresses.  "Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law."  Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC, No. 3:07-cv-132-RV-MD, 2007 WL 1526650, *1-2 (N.D. Fla. May 24, 2007).  Moreover, service by certified mail is not sufficient under Florida law.  Transport & General Ins. Co., Ltd. v. Receiverships of Ins. Exch. of the Americas, Inc., 576 So.2d 1351, 1352 (Fla. 1st DCA 1991).  Therefore, Plaintiff failed to properly serve Defendant under either method provided by Rule 4(e) and as a result, the instant motions are due to be denied.

      Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion for Entry of Default (Doc. 16) and Default Judgment (Doc. 17) against Defendant, Nancy Reynolds, are **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __4th__ day of January, 2011.

_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff