UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK A. BERENATO,

        Plaintiff,

vs.                                Case No.  3:10-cv-979-J-32MCR

ROBERT LEON TANKEL, ET AL.,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Motion to Strike (Doc. 11) filed by

Defendants, Robert Leon Tankel and Robert L. Tankel, P.A., on December 3, 2010.

Plaintiff filed a response in opposition to this Motion on December 23, 2010.  (Doc. 19).

Accordingly, the matter is now ripe for judicial review.

In their motion, Defendants contend the Complaint contains "immaterial,

impertinent, and scandalous" allegations in paragraph 12 and ask the Court to strike

that paragraph.  Additionally, Defendants request the Court strike exhibits B, C, D, and

E as they are likewise immaterial, impertinent, and scandalous.  Paragraph 12 states:

> Defendant Robert Leon Tankel is an attorney licensed by the
> State of Florida with a history of discipline for which he has
> been suspended from the practice of law.  Defendant, as set
> forth in his Conditional Guilty Plea for Consent Judgment, is
> also an admitted liar.  The conduct of Defendant Robert
> Leon Tankel in this case mirrors the conduct for which he
> was suspended from practice previously.  Copies of
> Defendant's Report of Referee, Order, Conditional Guilty
> Plea for Consent Judgment and Complaint are attached
> hereto as exhibits "B", "C", "D" and "E".

(Doc. 1, ¶12).  As noted above, Defendants also seek to strike the exhibits.  The

disciplinary proceedings at issue appear to be from 2003 and 2004.

Plaintiff responds that the past disciplinary conduct of Defendant Tankel is

relevant because:

> although the fact pattern is different, the method of operation
> employed by Defendant in the matter for which he was
> disciplined mirrors exactly his conduct towards Plaintiff in this
> case in that he knowingly made a series of false statements
> by way of written communications that he sent to Plaintiff in
> an attempt to harass and intimidate the Plaintiff.

(Doc. 19, p.2).  Moreover, Plaintiff argues the reference to the disciplinary proceeding is

not scandalous because it is true and does not utilize "repulsive language."  Id.

Federal Rule of Civil Procedure 12(f) allows a court to strike from any

pleading any "redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f),

Fed.R.Civ.P.  However, motions to strike will "usually be denied unless the allegations

have no possible relation to the controversy and may cause prejudice to one of the

parties."  Siebel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997) (citing

Poston v. American President Lines, Ltd., 452 F. Supp 568, 570 (S.D. Fla. 1978)).  In

the instant case, Plaintiff's Complaint alleges Defendant, Robert Tankel, sent an email

falsely accusing Plaintiff of "conduct [] in violation of a Rule of Professional Conduct"

and threatening Plaintiff with disciplinary action.  (Doc. 1, ¶10).  Plaintiff attached a copy

of the email to the Complaint.  (Doc. 1, Ex. A).  The email from Mr. Tankel informed

Plaintiff that Mr. Tankel was the general corporate counsel for a condominium

association Plaintiff was apparently suing.  The email further states in part:

> Please cease all communication with the association on
> every legal matter you have alleged against the client.  I see
> that you are not a licensed attorney in FL, but I am sure that
> the same rules govern direct contact with parties you know
> are represented by counsel under the PA Supreme Court
> Rules of Professional Conduct.  If you directly communicate
> with the association or any director, officer or committee
> member on any matter with regard to the legal operations of
> the association, it will be without my consent and will be
> dealt with accordingly.

Id.

The Court does not agree with Plaintiff's contention that the disciplinary proceedings against Mr. Tankel from 2003 for a completely unrelated matter are relevant to the instant proceedings such that it warrants being included in the Complaint.  Moreover, the inclusion of Paragraph 12 and the exhibits dealing with Mr. Tankel's disciplinary proceedings are highly prejudicial.  Accordingly, the Court will grant Defendants' Motion and order the prejudicial statements and material stricken.  The Court notes that it is not at this time ruling upon questions of evidence.

Accordingly, after due consideration, it is

**ORDERED**:

Defendants' Motion to Strike (Doc. 11) is **GRANTED**.  The Clerk is directed to strike the Complaint (Doc. 1) and Plaintiff shall file an Amended Complaint, deleting paragraph 12 and exhibits B, C, D, and E, no later than **January 20, 2011**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __5th__ day of

January, 2011.


_Monte C. Richardson_
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
<u>Pro</u> <u>Se</u> Plaintiff