**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK A. BERENATO,

        Plaintiff,

vs.                                             Case No. 3:10-cv-979-J-32MCR

ROBERT LEON TANKEL, et al.,

        Defendants.

## ORDER

This diversity action is before the Court on Defendant Nancy Reynolds' Motion to Dismiss Count III (Doc. 31) and pro se[1] Plaintiff's response thereto (Doc. 34).[2] For the reasons below, Reynolds' Motion will be granted, and Count III of the Amended Complaint will be dismissed without prejudice.

**I.    Background**

Plaintiff, a Pennsylvania-domiciled attorney and insurance executive, is a unit owner in the Terraces at Beachside Condominium located in Fernandina Beach, Florida and a

---

[1] Although appearing pro se, Plaintiff asserts that he is a Pennsylvania-licensed attorney with over twenty-six (26) years of experience. Am. Compl. ¶ 7.

[2] Plaintiff's Amended Complaint (Doc. 24) initially asserted claims against defendants Robert Leon Tankel ("Tankel"), Robert L. Tankel, P.A. ("Tankel PA"), The Terraces At Beachside Condominium Association, Inc. ("Beachside"), and Reynolds. Pursuant to a notice of settlement (Doc. 35), this Court dismissed Plaintiff's claims against Tankel, Tankel P.A. and Beachside for libel per se (Count One) and intentional infliction of emotional distress (Count Two) with prejudice, and terminated those defendants' Motions to Dismiss. See Doc. 36. Plaintiff's remaining claim for slander per se (Count Three) against Reynolds is the subject of this Order.

member of the Beachside Board of Directors. Am. Comp. ¶¶ 1, 7, 9. Plaintiff alleges that on or about April 24, 2010 he received an email from Tankel which "both directly and by way of inference states that Plaintiff Mark A. Berenato had engaged in conduct that was in violation of a Rule of Professional Conduct and it also threatened Plaintiff with disciplinary action." Id. ¶ 10. The email, which is attached to the Amended Complaint as Exhibit A, was carbon copied to the Beachside Board of Directors. Id.

Plaintiff alleges that subsequent to April 24, 2010 (i.e., the date of the email), Reynolds made "statements to others that Plaintiff[,] while he was the President of [Beachside], took actions and neglected to take action [sic] that seriously harmed the interests" of other unit owners. Am. Compl. ¶ 21. Plaintiff further alleges that Reynolds' statements "are confirmed by a letter dated September 13, 2010 sent by [her] personal lawyer to Vincent Gallagher, Esquire on [Reynolds]'s behalf." Id.[3] Plaintiff contends that Reynolds intended to injure Plaintiff and to deprive him "of the respect, confidence, and esteem peculiarly essential to Plaintiff's profession," and that as a result of the email being sent, Plaintiff "has suffered embarrassment, humiliation and mental agony." Id. at 24.

**II.    Motion to Dismiss Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the non-moving party's pleading as true and consider the allegations in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). The

---

[3]   Unlike Tankel's email, the letter from Reynolds' lawyer is not in the record at this time.

Court may dismiss a claim where a party fails to plead facts that make the claim facially plausible. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)). A claim is facially plausible where the Court can make a reasonable inference based on the facts pled that the opposing party is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully," and where the plaintiff has only alleged facts which are "merely consistent with" liability, he "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 1249-50 (quoting Twombly, 550 U.S. at 556-57).

## III.   Analysis

"To state a cause of action for defamation in Florida, a plaintiff must allege: (1) the publication or utterance of false and defamatory statements of and concerning that private person, (2) without reasonable care as to the truth or falsity of those statements, (3) resulting in actual damage to him or her." Mackroy-Snell v. Lake Wales Charter Schools, 2006 WL 2864317, *6 (M.D. Fla. 2006)(citing Perez v. City of Key West, Florida, 823 F.Supp. 934, 938 (M.D.Fla.1993); Hay v. Independent Newspapers, Inc., 450 So.2d 293 (Fla. 2d DCA 1984)). "'[T]he complaint need only state such words and that they were used in a defamatory manner,'" and the sufficiency of such a statement depends on whether the words were actionable per se. Id. (quoting Perez, 823 F.Supp. at 938). "Such words are actionable per se if by general consent their character is injurious e.g., conduct, characteristics or condition incompatible with the proper exercise of one's lawful business, trade, profession or office." Perez, 823 F.Supp. at 938 (citing Joopanenko v. Gavagan, 67 So.2d 434 (1953)).

3

When bringing a defamation action premised on oral statements, a plaintiff must "set out the substance of the spoken words with sufficient particularity to enable to court to determine whether the publication was defamatory." Spitalny v. Insurers Unlimited, Inc., 2005 WL 1528629, *3 (M.D. Fla. 2005). "Absent sufficient allegations, a claim for slander is properly dismissed for failure to state a cause of action." Fowler v. Taco Viva, Inc., 646 F.Supp. 152, 157-58 (S.D. Fla. 1986); see also Grigsby v. Rest. Mgmt. Svcs., Inc., 1994 WL 855090, *1 (dismissing slander action for failure to state a claim when plaintiff neither alleged the words or substances of the alleged defamatory statements nor any actual damages resulting from such statements).

Count III of the Amended Complaint is clearly deficient – it purports to plead a claim for slander per se without (1) alleging the substance of the slanderous statements; (2) identifying to whom the statements were made; (3) describing how the statements were injurious to Plaintiff's profession; and (4) alleging any damages actually incurred as a result of the statements. Based upon a review of the record as well as the specific allegations made against Defendant Reynolds, the Court is highly skeptical that Plaintiff can amend Count III to state a facially plausible claim for slander per se. However, out of an abundance of caution, the Court will provide Plaintiff one final opportunity to meet his pleading burden. Accordingly, it is hereby

**ORDERED**:

1. Defendant Nancy Reynolds' Motion to Dismiss Count III (Doc. 31) is **GRANTED.** Count III of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Court will give Plaintiff one final opportunity to amend his complaint to properly allege

his cause of action against Defendant Reynolds, assuming he has a good faith basis to do so.

2.      **No later than August 8, 2011**, Plaintiff may file a Second Amended Complaint. If Plaintiff chooses not to file a Second Amended Complaint by that date, this case will be dismissed with prejudice.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of July, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party