**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARK A. BERENATO,

        Plaintiff,

vs.                                                          Case No. 3:10-cv-979-J-32MCR

ROBERT LEON TANKEL, et al.,

        Defendants.

## **ORDER**

This diversity action is before the Court on Defendant Nancy Reynolds' Motion to Dismiss Count III of the Second Amended Complaint (Doc. 42) and Motion for Sanctions Pursuant to Rule 11 (Doc. 43), to which pro se Plaintiff Mark Berenato[1] has filed responses (Docs. 44, 45).

**I.    Background**

In his Amended Complaint, Plaintiff had alleged that Reynolds made "statements to others that Plaintiff[,] while he was the President of The Terraces At Beachside Condominium Association, Inc., took actions and neglected to take action that seriously harmed the interests" of other unit owners. (Doc. 24 ¶ 21.) Plaintiff further alleged that Reynolds' statements were "confirmed by a letter dated September 13, 2010 sent by [her] personal lawyer to Vincent Gallagher, Esquire on [Reynolds]'s behalf." (Id.) Despite failing to identify with greater specificity the statements in question, to whom they were made, or

---

[1] Although appearing pro se, Plaintiff asserts that he is a Pennsylvania-licensed attorney with over twenty-six (26) years of experience. (Doc. 38 ¶ 7).

to attach the letter which "confirmed" their publication as an exhibit to the Amended Complaint, Plaintiff alleged that Reynolds' statements amounted to slander per se. (Id. at 22.)

Reynolds moved to dismiss on the grounds that the allegations of Count III were conclusory and failed to state a viable claim for defamation. (Doc. 31 at 2.) In an Order dated July 15, 2011, this Court agreed, stating:

> Count III of the Amended Complaint is clearly deficient – it purports to plead a claim for slander per se without (1) alleging the substance of the slanderous statements; (2) identifying to whom the statements were made; (3) describing how the statements were injurious to Plaintiff's profession; and (4) alleging any damages actually incurred as a result of the statements. Based upon a review of the record as well as the specific allegations made against Defendant Reynolds, the Court is highly skeptical that Plaintiff can amend Count III to state a facially plausible claim for slander per se. However, out of an abundance of caution, the Court will provide Plaintiff one final opportunity to meet his pleading burden.

(Doc. 37 at 4.) Accordingly, this Court granted Reynolds' Motion, dismissed Count III without prejudice, and afforded Plaintiff "one final opportunity to amend his complaint to properly allege his cause of action against Defendant Reynolds, *assuming he has a good faith basis to do so.*" (Id. at 5) (emphasis added).

## II. The Second Amended Complaint

Despite this Court's clear description of Count III's pleading deficiencies, its skepticism that Plaintiff could properly amend to state a cause of action against Reynolds for slander per se, and its proviso that he should only replead if he could do so in good faith, Plaintiff filed a Second Amended Complaint that is essentially identical to the Amended Complaint. The Second Amended Complaint adds one new allegation to one paragraph of

2

Count III; namely, Plaintiff has identified some of the "others" to whom Reynolds' alleged defamatory statements were allegedly made. (See Doc. 38 ¶ 21.)[2] In addition, Plaintiff has now attached one page of the letter from Reynolds' attorney which purportedly "confirms" that Reynolds made the defamatory statements. (Id. Ex. B).[3] The letter contains one sentence—which has been underlined by hand, presumably by Plaintiff—that mirrors the vague language of Plaintiff's original allegation of slander per se: "While [Plaintiff] was president of the The Terraces at Beachside Condominium homeowners' association, he took actions (and neglected to take action) that seriously harmed their interests." (Id.)[4]

As the Court noted in its previous Order, this language falls well short of Florida's threshold for slander per se. See Perez v. City of Key West, Florida, 823 F.Supp. 934, 938 (M.D.Fla.1993) ("Defamation, whether libel or slander, must expose a person to hatred, contempt or ridicule or cause them to be shunned or avoided, or injure them in their business

---

[2] The Second Amended Complaint identifies the persons to whom statements were made as "*including but not limited to*, Joseph Scanlan, Virginia Germond, Michael D. Langford, [and] Donna McEntyre." (Doc. 38 ¶ 21) (emphasis added). Plaintiff has named these four individuals, as well as Reynolds and The Terraces At Beachside Condominium Association, Inc. ("Beachside") as defendants in a related suit filed subsequent to this one. See Case No. 3:11-cv-619-J-32JBT.

[3] Apart from these minor alterations to paragraph 21 and the addition of the letter, Plaintiff's Second Amended Complaint is identical to his Amended Complaint. So much so, in fact, that Plaintiff failed to remove allegations against former defendants Robert Leon Tankel, Robert L. Tankel, P.A., and Beachside, with whom he had already reached settlement, from his Second Amended Complaint. (see Doc. 36, dismissing these defendants; Doc. 38, realleging the same claims against these defendants as were raised in the Amended Complaint.) The former defendants have now, once more, been removed from this action. (See Docs. 40, 41.)

[4] Although Plaintiff attributes the statement to Reynolds, the letter does not actually ascribe it to her.

3

or occupation. . . . [W]ords are actionable per se if by general consent their character is injurious e.g., conduct, characteristics or condition incompatible with the proper exercise of one's lawful business, trade, profession or office")(citations omitted). Moreover, even if the statements attributed to Reynolds could somehow be considered defamatory, the letter which allegedly "confirms" Reynolds' publication of them in no way supports Plaintiff's allegation that she defamed him to Joseph Scanlan, Virginia Germond, Michael D. Langford, Donna McEntyre, or anyone else. Accordingly, Reynolds' Motion to Dismiss Count III will be granted, and Plaintiff's action will be dismissed with prejudice.

### III.    Rule 11 Sanctions

While Plaintiff, a lawyer, should have known better than to continue pursuing this action, the Court, by its prior Order, may have inadvertently encouraged Plaintiff to file a Second Amended Complaint. Therefore, in its discretion, the Court will deny the motion for Rule 11 sanctions. Plaintiff will still be required to pay costs of this action.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant Nancy Reynolds' Motion to Dismiss Count III of the Second Amended Complaint (Doc. 42) is **GRANTED.** As Count III was the last remaining Count, the Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

2.    Defendant Nancy Reynolds' Motion for Sanctions Pursuant to Rule 11 (Doc. 43) is **DENIED**.

3. Defendant Nancy Reynolds' Motion for Leave to File Reply (Doc. 46) and Motion for Status Conference (Doc. 47) are terminated as moot.

4. The Clerk should enter Judgment in favor of defendant Nancy Reynolds and against plaintiff Mark A. Berenato, with costs to be taxed against plaintiff; and then close the file.

5. Defendant Nancy Reynolds shall timely file her proposed bill of costs in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of February, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record
pro se party

5